# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| CANTRELL HILL, | : |
| Petitioner, | : |
| v. | : CASE NO. 4:11-CV-8-CDL-MSH |
| | : 28 U.S.C. § 2254 |
| CARL HUMPHREY, Warden, | : |
| Respondent. | : |

## RECOMMENDATION OF DISMISSAL

Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Corpus Rules"). Pursuant to Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition . . . ." Habeas Corpus Rule 4 (emphasis added). Because Petitioner filed his application for a writ of habeas corpus outside the one year statute of limitations, his petition is due to be dismissed under Rule 4.

## BACKGROUND

On May 31, 2000, in the Superior Court of Muscogee County, Petitioner Cantrell Hill was found guilty of felony murder, armed robbery, and possession of a firearm during the commission of a felon, and was sentenced to life in prison. (Pet. for Writ of Habeas Corpus 1, ECF No. 1.) Petitioner moved for a new trial which was denied on July 29, 2002. (*Id.* at

1-2.) On February 10, 2003, the Supreme Court of Georgia denied Petitioner's appeal. (*Id.* at 2.) Petitioner did not seek certiorari from the United States Supreme Court. (*Id.*)

On July 12, 2006, Petitioner moved for state habeas relief in the Macon Superior Court, which was denied on January 26, 2007. (Pet. for Writ of Habeas Corpus 2-3.) Petitioner appealed the denial of his writ for habeas corpus to the Supreme Court of Georgia, which appeal was denied on June 25, 2007. (*Id.* at 3.) Petitioner then filed a subsequent application for state habeas relief in Hancock County Superior Court on April 2, 2009. (*Id.*) That petition was denied on November 5, 2009. (*Id.*) Petitioner did not appeal this second denial of his state petition for habeas relief. Petitioner states that he has currently pending an "extraordinary motion" in the Muscogee County Superior Court. (*Id.*) The instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed by Petitioner on January 20, 2011. (*Id.* at 17.)

## DISCUSSION

### I. The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). "A state prisoner's conviction becomes final when the United States Supreme Court denies certiorari, issues a decision on the merits, or when the ninety day period in which to file for certiorari expires, regardless of whether the defendant raised any federal issues on direct appeal." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (emphasis omitted). Thus, in order to determine "whether a petition for writ of habeas corpus was filed within one-year of the conviction becoming final, [the Court] must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *Id.* (internal quotation marks and citation omitted) (second and third alteration in original).

## II. Petitioner's Application is outside the AEDPA one-year limitations period.

Here, the limitations period has expired and Petitioner's petition is untimely.

3

Petitioner was convicted and sentenced on May 31, 2000. (Pet. for Writ of Habeas Corpus 1.) Petitioner filed a direct appeal which was denied by the Georgia Supreme Court on February 10, 2003. Thereafter, Petitioner had 90 days within which to petition the United States Supreme Court for certiorari. Sup. Ct. R. 13.1. Petitioner did not file for certiorari with the United States Supreme Court, and his judgment of conviction became final on May 12, 2003. *See, e.g., Bond v. Moore,* 309 F.3d 770, 773-74 (11th Cir. 2002). Consequently, Petitioner's one-year AEDPA limitations period began to run on May 13, 2003, and expired on May 14, 2004.

Petitioner's first state habeas corpus petition was not filed until July 12, 2006. (Pet. for Writ of Habeas Corpus 2.) This petition was filed over three years after the expiration of the AEDPA statute of limitations, and does not toll the statute of limitations for the federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled"). Likewise, Petitioner's federal habeas petition filed on January 20, 2011, more than six years following the expiration of the AEDPA statute of limitations, fails to invoke the jurisdiction of this court.

## CONCLUSION

THEREFORE, IT IS RECOMMENDED that Petitioner's action be **DISMISSED** pursuant to Habeas Corpus Rule 4. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT

JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 28th day of January, 2011.

                                                  S/Stephen Hyles
                                                  UNITED STATES MAGISTRATE JUDGE